**AMENDED BLD-015** <span style="float:right">**NOT PRECEDENTIAL**</span>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3079
_____

IN RE: JOHN D. GLENN, Jr.,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-15-cr-00099-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 17, 2019

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 5, 2019)
_____

OPINION[*]
_____

PER CURIAM

     John Glenn, proceeding <u>pro</u> <u>se</u>, has filed a petition for a writ of mandamus

compelling the United States District Court for the Eastern District of Pennsylvania to

adjudicate his jurisdictional challenge to his criminal case. For the reasons that follow,

we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Glenn was convicted of conspiracy to commit bank fraud and bank fraud in District Court. On January 7, 2019, while his direct appeal was pending, Glenn filed in District Court a pro se motion for a judgment of acquittal and/or a new trial pursuant to Federal Rule of Criminal Procedure 33(b). This Court granted a motion filed by Glenn's appellate counsel to stay his appeal pending disposition of the motion.

On July 11, 2019, Glenn filed a pro se Motion to Challenge Federal Jurisdiction under Federal Rule of Criminal Procedure 12(b)(2) in District Court. The District Court denied the motion because Glenn's appeal was stayed for the limited purpose of deciding his Rule 33 motion, and because the motion was not a true challenge to the Court's jurisdiction, but a repackaging of the argument in his Rule 33 motion. Glenn filed a motion for reconsideration and other motions for relief. Glenn then filed the present mandamus petition asking us to compel the District Court to address his jurisdictional challenge, which he states is an extension of his Rule 33 motion.

"Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the writ is clear and indisputable. Id.

Since Glenn filed his mandamus petition, the District Court has denied his Rule 33 motion, his motion for reconsideration of the denial of his Motion to Challenge Federal Jurisdiction, and his other motions. To the extent Glenn asks us to compel the District Court to adjudicate his motions, his petition is moot because the District Court has decided them. To the extent he seeks an order compelling the District Court to address the merits of his jurisdictional argument, relief is not due because the District Court rejected the premise of that argument – that the entities he was convicted of defrauding are not "financial institutions" under the criminal statute – in denying his Rule 33 motion.

Accordingly, we will deny the petition for a writ of mandamus.[1]

---

[1]Glenn's Request for Judicial Notice is denied as unnecessary. Glenn's mandamus petition seeks to compel the District Court to adjudicate the merits of his jurisdictional argument. His jurisdictional argument is not before us. The District Court addressed the authority noted in Glenn's present request when it denied his Rule 33 motion.